### J. C. STEELE VS. J. C. MILLS ET AL.

CLINTON, J. Where the sheriff is sued for damages for seizing and disposing of property belonging to a third person, under a *fi. fa.* issued in a suit wherein a person living in another parish was plaintiff, such plaintiff may be cited at the domicile of the sheriff in a suit to recover damages from the latter on account of his official conduct; the plaintiff in execution is bound by personal warranty to hold the sheriff harmless for acts done under his instructions.

2. Where a merchant furnishes a laborer, working on shares, supplies to enable said laborer to live and work the crop, he has a lien and privilege on the crop. at least, to the extent of the laborer's share therein; but in a suit to enforce said lien, the employer or planter should be made a party.

3. Where the acts of the sheriff were not strictly regular, nor warranted by the writ, yet if no injury resulted to plaintiff, no damages will be awarded.

### MRS. A. H. HILTON VS. A. CURTIS.

GUNBY, J. Where the District Judge is recused and appoints a Judge *ad hoc* to try the case, which is decided by said appointee, the recused Judge cannot afterwards, during the absence of the Judge *ad hoc*, appoint another Judge *ad hoc*, for the purpose of granting an order of appeal; the Clerk of the District Court is the proper officer to grant the appeal in such a case; Act 75, 1874; an order of appeal signed by the District Judge and the second Judge *ad hoc*, is absolutely null. While we desire to facilitate the taking of appeals to this Court, where cases are promptly and fully disposed of with the least possible expense and difficulty to litigants and lawyers, yet we cannot, by the utmost stretch of liberality, establish the precedent of maintaining an appeal, where there has been no order of appeal. Such a course would be usurpation on our part.